AGREXCO AGRICULTURAL EXPORT CO., LTD., ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 80–10–01578

(Decided May 4, 1988)

*Stewart and Stewart (Eugene L. Stewart)* for Roses, Inc.

*John R. Bolton,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, *(Sheila N. Ziff),* Civil Division, United States Department of Justice for defendant.

## Opinion

RESTANI, *Judge:* The matter is before the court on defendant's motion to vacate a portion of the court's previous opinion. The parties participating in this motion appear to be in agreement that the court should vacate so much of its previous opinion as specifically directs the International Trade Administration of the Department of Commerce (ITA) to recalculate countervailing duty deposit rates, as such recalculation would accomplish no purpose. Accordingly, said order of remand is vacated.

The parties are in disagreement as to whether ITA must follow the various legal teachings of the opinion. Roses, Inc. argues that ITA is proceeding in connection with the annual review in the same erroneous manner as it did previously. Accordingly, it seeks an order directing ITA to follow the opinion herein in its subsequent reviews.

Annual reviews will be or are the subject of other cases based on other administrative records. Whether the opinion in this case has precedential effect, as Roses, Inc. contends, will be the subject of those cases.[1] Furthermore, to say a decision has precedential value is not the same as saying the agency is bound to follow it in the same way it is bound to follow orders in a particular case.

To enter an order in this case directing the agency to take certain actions in proceedings which are not the subject of this case seems an extraordinary act. Because the nature of unfair trade proceedings varies somewhat from that of other administrative proceedings, the court does not rule out that possibility in other cases. In this case, however, Roses, Inc. has not shown that it is entitled to such extraordinary relief. As Roses, Inc. can obtain injunction of liquidation if it challenges the results of annual reviews, any recurring issues will not evade review.[2] If there is a sufficient reason to order specific relief at this point, it has not been made clear to the court.

The parties shall confer as to what form of final judgment should enter in this matter. Roses, Inc. shall submit a proposed judgment to the court within ten days hereof. Anyone party in opposition shall respond within five days thereafter.

[1] *See* discussion in *Silver Reed America, Inc.* v. *United States,* 9 CIT 221, 226 (1985).

[2] *See* discussion in *Fabricas el Carmen* v. *United States,* Slip Op. 88–20 (Feb. 17, 1988).